NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IDS PROPERTY CASUALTY INSURANCE COMPANY, a Wisconsin corporation,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>MARILYN CRAWFORD, individually,<br><br>        Defendant-Appellant. | No.   14-35358<br><br>D.C. No. 3:12-cv-05095-RBL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 8, 2016**
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Marilyn Crawford appeals the district court's grant of summary judgment

arising out of a tragic set of facts.  We review de novo a district court's summary

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment ruling, *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 975 (9th Cir. 1999), and we affirm.

The district court did not err in granting summary judgment to IDS Property Casualty Insurance Company ("IDS") in its declaratory judgment action. IDS's insurance policy explicitly excluded an "[i]ntentional loss, meaning any loss arising out of any act an insured person commits . . . with the intent to cause a loss." Exclusionary clauses are strictly construed against the insurer and interpreted based on their ordinary meaning. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 659 P.2d 509, 511 (Wash. 1983).

IDS advances evidence that Crawford used gasoline to start a fire in the garage of her house, which resulted in extensive damage. This evidence is consistent with Crawford's statement to the police. Although Crawford objects to these facts, she has failed to advance "directly contradict[ory]" evidence that creates a genuine issue as to any material fact. *Marchisheck v. San Mateo Cty.*, 199 F.3d 1068, 1078 (9th Cir. 1999). Although Crawford claims she had no subjective intent to damage her insured property, the nature of her actions—setting fire to her car and garage in order to commit suicide—is one "where the act is indissolubly bound with the injury, [so] the law imputes the intent to injure to the

2

insured, and the exclusion applies." *Safeco Ins. Co. v. McGrath*, 817 P.2d 861, 863 (Wash. Ct. App. 1991); *see also Rodriguez v. Williams*, 729 P.2d 627, 630–31 (Wash. 1986).

The district court also did not err in granting summary judgment to IDS on Crawford's counterclaims for investigation into her insurance claim. Crawford failed to establish that IDS's actions were in bad faith or unreasonable, especially in light of her statement to the police that she had set the fire intentionally. *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 329 (Wash. 2002) (citation omitted) (prohibiting bad faith actions unless the insurer's actions were "unreasonable, frivolous, or unfounded"); Wash. Admin. Code § 284-30-330(4) (creating liability for insurance companies who "[r]efus[e] to pay claims without conducting a reasonable investigation").

Each party shall bear its own costs.

**AFFIRMED.**